(Decided 18th June, 1879.)

PATAPSCO FEMALE INSTITUTE *vs.* ROCK HILL COLLEGE.

*Construction of sec. 136 of Art. 93 of the Code—What is a College within the meaning of that Section.*

Under sec. 136 of Art. 93 of the Code, which provided, before it was modified by the Act of 1876, ch. 295, that upon failure of relations of an intestate within a certain degree, "the whole surplus shall belong to the State, and shall be paid to the college, if any, in the county where the deceased shall die, or if none, to any school in the county to which the public aid by law may be extended, and if none, to the county where the property shall lie," the appellee, being the only college in the county where the intestate died, was entitled to the whole surplus of his personal estate.

The terms "to which the public aid may be extended," are descriptive alone of the county schools authorized to take.

The appellee under its charter, the Act of 1865, ch. 10, has the faculties and fulfils the definition of a college.

APPEAL from the Circuit Court for Howard County, in equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON, ALVEY and ROBINSON, J., and afterwards re-argued on notes.

*Joseph D. McGuire* and *James Mackubin*, for the appellant.

Sec. 136 of Art 93 of the Code does not read, to the *colleges*, or, to *any* college, as in the next sentence, in regard to schools; but it says, " to *the* college, if any, in the county"—the definite article, manifestly having relation to something already defined—to something existing or contemplated by the school system, then adopted.

Accordingly, if we look back through the legislation of the State prior to the date of the Acts from which the section in question was codified, (1802, *ch.* 101, *sec.* 11; also 1798, *ch.* 101, *sub-ch.* 11, *sec.* 15,) we find an educational or school system, which looked to the establishment of a college or other school in every county of the State, to each and every of which the public aid by law was extended. And it was in part execution of that system, that Washington and St. John's Colleges were respectively established. See Acts 1696, *ch.* 17; 1723, *ch.* 19; 1746, *ch.* 7; 1763, *ch.* 3; 1782, *ch.* 8; 1784, *chaps.* 7 *and* 37; 1794, *ch.* 26; 1798, *ch.* 107.

It was not contended by us in the Court below, that the words, "to which the public aid by law may be extended," applied to "the college, if any," as well as to "any school in the county." But it was contended, that the same principle which excluded from this surplus, every school to which public aid may not be extended, would equally exclude every such college, and that the only reason why

such exclusion was not prescribed as to "the college" as well as to "any school," was that no other college was contemplated by the section, than those which were so aided. This is made perfectly manifest by reference to the Act of 1802, ch. 101, sec. 12, which required "that all moneys or other property recovered or obtained under this Act, (that from which the section in question is codified,) if by college or school, shall be applied in the same manner that other public funds granted them are to be applied."

That the "association," incorporated by the Act of 1865, ch. 10, under the name, "Rock Hill College," is not "the college" contemplated by the section in question, is apparent from a comparison of that Act with those by which Washington and St. John's Colleges were respectively established.

The Act of 1782, ch. 8, is "for founding a college at Chestertown."

1784, ch. 37, is "for founding a college on the Western Shore, &c.

And see the immunities, privileges, endowments and dignities thereby conferred.

The Act of 1865, on the contrary, is only an Act of incorporation, does not even profess to establish or found a college, and only enacts that certain five persons therein named, and their successors, be, and they are thereby, perpetually created and made a body politic by the name of "Rock Hill College," as an "association," (see sec. 3,) "with a view to charitable, literary and educational purposes;" (sec. 1;) and it is not endowed with a single power, privilege, immunity, dignity or anything else, other than what may be found in any other mere Act of incorporation, save only the power "to confer the degree of A. B. and A. M., and such other degrees as are now by law conferred by (not other colleges, but) the colleges of this State."

That the Legislature of 1865, did not know that it had by that Act founded a State College, is apparent from an

inspection of the Act of a month later, ch. 160, title 11, ch. 9, "Colleges," where no mention whatever is made of "Rock Hill College."

*William M. Merrick,* for the appellee.

The present appellant, on the face of the various Acts of Assembly relating to it, is nowhere called, created or treated as a college, and in point of fact was and is, on the face of the statutes nothing more than a female academy.   An inspection of the Act of incorporation of Rock Hill College, (1865, ch. 10,) shows that it is a college.

But the appellant contends that the Code does not confer the rights of a distributee upon any college, unless that college be also one, to which the public aid is extended by law.   It is submitted that this question was necessarily involved and decided by this Court, as it had been in the Court below, upon the former appeal.   The language of the statute is too plain to leave any room for interpretation.   It is simply explicit and destitute of ambiguity.   But even if it were otherwise, the present appellant could not maintain a claim to the fund in question.   It is a school to which the aid of the State may have been at one time extended, but it is not a school to which the aid of the State was extended at the time of Stratton's decease.   And in order to be entitled to the benefit of a share of the fund, any school, less than a college, must, by the terms of the Act, be one *then*—at the time of the right of distribution attaching—in the enjoyment of the State's bounty.   The language of the statute looks to the *present,* not the past condition of the proposed beneficiary.   So that even if Rock Hill College were not entitled to the fund, the present appellant could not be, and is not injured by the decree below.   With regard to the college, no condition is annexed.   If there be one, it is the distributee.   Only where there is no college at all

in the county, can any other school take, and then that other school must by force of the statute, be a present recipient of State aid.

The appellee cited the following authorities, *Scaggs vs. B. & O. R. R. Co.*, 10 *Md.*, 277; 6 *B. & C.*, 475; 1 *Brown's Civil Law*, 151–164, *note* 10 *on p.* 151; 47 *Md.*, 1.

ALVEY, J., delivered the opinion of the Court.

This case has been in this Court on a former appeal, and is found reported in 47 *Md.*, 1. The bill was filed by Rock Hill College against the administrators of James Stratton, deceased, and the Board of County School Commissioners of Howard County, to compel the administrators of the deceased to pay over to the college the surplus of the intestate's personal estate, after final administration, under sec. 136 of Art. 93 of the Code. The defendants demurred to the bill, and the demurrer was sustained by the Circuit Court, but, upon appeal to this Court, that decision was reversed and the cause remanded for further proceedings. After the cause had been remanded to the Circuit Court, the Patapsco Female Institute, an incorporated educational institution, located in Howard County, intervened under leave of the Court, and set up claim to the fund adverse to both Rock Hill College and the Board of County School Commissioners. The administrators withdrew the demurrer to the bill, so far as they were concerned, and answered; but the Board of County School Commissioners stood upon the demurrer. In that State of proceedings, the case was submitted to the Circuit Court for Howard County for final decree. And that Court, after hearing the arguments of counsel, determined that the Patapsco Female Institute was not a college within the meaning of the particular section of the Code directing the distribution of the fund, and decreed that the fund in the hands of the administrators be paid over to Rock Hill College. From this decree the Patapsco

Female Institute has appealed, and the case is here to be determined upon that appeal and none other.

The provision of the statute under which the conflicting claims are made, is that contained in section 136 of Art. 93 of the Code, in regard to the distribution of an intestate's personal estate, as that section stood before it was modified by the Act of 1876, ch. 295. It provides that, upon failure of relations within a certain degree, "the whole surplus shall belong to the State, and shall be paid to the college, if any, in the county where the deceased shall die, or if none, to any school in the county to which the public aid by law may be extended, and if none, to the county where the property of the intestate shall lie." The material part of this sec. 136, as it stood before it was modified by the Act of 1876, ch. 295, was codified from the Act of 1802, ch. 101, sec. 11.

The bill alleged that Rock Hill College was the only college in Howard County, and the demurrer, upon which the former decision was rendered, admitted the truth of that fact. The subsequent proceedings have not shown that admission to have been erroneous or at all inconsistent with the actual fact. That Rock Hill College has the faculties and fulfils the definition of a college, we have no doubt. The Act of 1865, ch. 10, under which it was incorporated, expressly declares that the institution shall have power "to confer the degrees of A. B. and A. M., and such other degrees as are now by law conferred by the colleges of this State;" also "to purchase or take and hold, by deed or otherwise, any property, real, personal and mixed, the annual income of which, exclusive of libraries and philosophical and chemical and other apparatus intended for and in use of the college, shall not have an actual annual value of more than ten thousand dollars," etc. And as we entirely agree with the Court below that the Patapsco Female Institute has no claim to being a college, we must take it as conceded that there is no other college than Rock Hill College in Howard County.

It is insisted, however, that though Rock Hill College be a college in the educational or scholastic sense of the term, yet it is not within the category of colleges contemplated by the sec. 136 of Art. 93 of the Code, because it does not receive aid from the State. But, without deciding whether the Female Institute could rightfully maintain its claim to the fund if the college could not take, we are of opinion that the college is entitled.

When the case was first heard on demurrer in the Circuit Court, one of the grounds upon which the claim of the college was resisted was, that the institution was not embraced by the terms of the statute, because it did not receive aid from the State; that no college could claim unless it was in the receipt of State bounty. But the Court, while denying the right of the college upon the ground that the statute had been recently changed and the fund differently appropriated, was explicit in holding that the college would have been entitled but for the repealing Acts of 1876. This Court held, upon appeal, that the Acts of 1876, did not affect the rights that had previously attached, and consequently those Acts could not control the disposition of the fund. But in the argument of the case in this Court, on that appeal, the question of the right of the college to take, apart from the supposed operation of the Acts of 1876, was not in the slightest degree controverted, nor, from any thing that was said, even doubted. It was not until the cause was remanded that the question was again revived, and, in regard to this question, the Circuit Court decided as it had decided in the first instance; and we think that decision entirely correct.

The correctness of the construction adopted would seem to be plain from the ordinary reading of the terms employed in the statute. The fund is directed to be paid to the college, if any, in the county where the deceased shall die, or if none, to any school in the county to which the

Patapsco Fem. Inst. *vs.* Rock Hill College.

public aid by law may be extended. It is obvious, the relative "which," as here employed, has exclusive reference to the immediate antecedent "school in the county." Any other construction would seem to do violence to the plain language of the statute. The terms, "to which the public aid may be extended," are descriptive alone of the county schools authorized to take. If they had been intended to apply to the colleges as well as the county schools, a different collocation of terms would certainly have been employed. At the time of the passage of the Act of 1802, there were not more than two organized colleges in the State, and they received aid from the State; so, as to the colleges then in existence, there was really no reason or room for discrimination as between those receiving aid and those receiving none; but as to ordinary county schools the case was quite different. As to the latter, there were public and private schools, and schools that received special aid by law, as distinguished from the free or common schools of the counties. As among these it was necessary that there should be some particular designation; and to accomplish this, the descriptive terms that we find in the statute were employed. And this would seem not only to be the natural but the received construction of the statute. In the case of *Thomas vs. Visitors of Frederick County School, 7 Gill & J.,* 383, though this precise question was not then under consideration, yet the Court, in referring to the Act of 1802 and its effect, stated that the Act gave the fund in controversy to any school to which the public aid had been by law extended, *in case there should be no college or free school in the county.*

Agreeing with the Court below we affirm its decree.

*Decree affirmed.*

(Decided 18th June, 1879.)